# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WILLIAMS | CASE NO. 1:09-cv-00062-LJO-GSA  PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO F.R.Civ.P. 26 (e) |
| W.J. SULLIVAN, et al., | |
| Defendants. | (Doc. 12) |

Plaintiff moves for a protective order, pursuant to F.R.Civ.P. 26 (e), alleging that since being transferred from Tehachapi State Prison ("TSP") to High Desert State Prison ("HDSP"), he has been denied access to the law library and associated services. Plaintiff's motion presents multiple substantive and procedural problems that require this court to deny his motion.

First, F.R.Civ.P. 26 (e) addresses supplemental disclosures in the context of discovery requests. The underlying case (Williams v. Sullivan, Case No. 1:09-cv-00062-LJO-GSA  PC) is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. The case is presently being screened pursuant to 28 U.S.C. § 1915A. No defendant has yet been served, and no discovery has been initiated. Applying a discovery rule to plaintiff's situation is inappropriate.

Second, plaintiff seeks a protective order against HDSP, which is not a party to this lawsuit. Because HDSP is not a party to this suit, the court lacks jurisdiction over it. The court is unable to issue an order against entities which are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).

Nor could plaintiff add HDSP as a plaintiff by amendment of the underlying lawsuit. Fed.R.Civ.P. 20 precludes such joinder. Rule 20 provides:

Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Although "Rule 20 . . . is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits" (League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977)), the goal of promoting judicial economy is not served when the underlying incidents are completely separate and would require completely separate proofs. Harris v. Spellman, 150 F.R.D. 130, 132 (N.D.Ill. 1993).

Because the claims articulated in plaintiff's motion do not arise from the same transaction or occurrence as the underlying case, they fail the rule's first prong and are inappropriate for joinder. *See* Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); Harris, 150 F.R.D. at 131; Heath v. Bell, 448 F.Supp. 416, 418 (M.D. Penn. 1977). Plaintiff's allegation of denial of court access is appropriately brought as a separate action under 42 U.S.C. § 1983.

For the above-state reasons, this court hereby DENIES plaintiff's motion for a protective order in its entirety.

IT IS SO ORDERED.

**Dated:   September 10, 2009**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE