# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WILLIAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>W. J. SULLIVAN, et al.,<br><br>          Defendant.<br>_____ / | CASE NO. 1:09-cv-00062-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>Doc. 20 |

## I. Procedural History

Plaintiff Steven Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on January 12, 2009. Doc. 1. On July 23, 2009, the Court dismissed Plaintiff's complaint for failure to state a claim and granted plaintiff leave to amend. Doc. 10. On September 8, 2009, Plaintiff filed a first amended complaint. Doc. 15. On October 1, 2009, Plaintiff filed a second amended complaint. Doc. 17. On October 23, 3009, the Court dismissed Plaintiff's complaint for failure to state a claim and gave Plaintiff leave to amend. Doc. 19. On November 18, 2009, Plaintiff filed the third amended complaint which is currently before the Court. Doc. 20.

## II. Screening

### A.     Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"'Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.'" *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir.2000). "'Additionally, in general, courts must construe pro se pleadings liberally.'" *Id.* A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**B.     Plaintiff's Complaint**

Plaintiff is incarcerated at High Dessert State Prison in Susanville California and is suing under section 1983 for events which occurred while at Tehachapi State Prison ("TSP") in Tehachapi, California. Doc. 20. In his third amended complaint Plaintiff names C. Moats (business manager) and K. Braley (finance technician who Moats supervised) as defendants ("Defendants"). Doc. 20.

Plaintiff alleges that Defendants prevented Plaintiff from being able to purchase basic necessities for life, health and hygiene. Doc. 20 at 4-5. According to Plaintiff, Defendants violated his rights by falsely applying charges to his trust account and refusing to remove the false charges

as punishment for Plaintiff's litigation and that such retaliatory false charges persisted for three years until Plaintiff was transferred to another prison. Doc. 20 at 5. As a result of Defendants' actions Plaintiff suffers from a "barrage fo ailments." Doc. 20 at 5.

According to Plaintiff, Defendant Moats was ordered to remove the "fictitious delineations" which no longer applied to Plaintiff's account dated October 11, 2007. Doc. 20 at 3. The "Defendant chose a course of action arbitrarily and capricious[ly] in procuring a retaliatory act in bad faith under the color of authority which did not advance any penological interest." Doc. 20 at 3. Plaintiff further states: "[This violated] my First Amendment rights to be free from infringement, Defendant even omitted this in state court proceeding intentionally misleading the judge as Malone did in Rhodes. Supra. Thus leaving Plaintiff no alternative but to file this action." Doc. 20 at 3. Plaintiff alleges that Defendant Moats created an "impermissibly arbitrary classification by distinguishing between prisoners who must pay and not pay on her own volition with no legitimate penological justification." Doc. 20 at 3-4. Plaintiff argues that he has "fictitious amounts attached to what he is entitled to pay, thus . . . creat[ing] a ghost rule arbitrarily after being order to remove it." Doc. 20 at 4.

Plaintiff reiterates the abovementioned allegations against Defendant Braley, stating that Defendant Braley was also ordered to remove the "fictitious delineations" from his account. Doc. 20 at 4.

**C.     Analysis**

Plaintiff fails to state a claim upon which relief may be granted due to the conclusory nature of Plaintiff's allegations. *See e.g.*, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-51 (2009); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not

required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

In this instance, Plaintiff merely recites the elements of retaliation and makes the conclusory allegation that Defendants Moat and Braley were responsible for false charges on his prison account for the purpose of retaliating against him for litigating. Plaintiff fails to allege any facts that would demonstrate that the Defendants knew of Plaintiff's litigation and thus Plaintiff fails to state a retaliation claim upon which relief can be granted under section 1983. Further, Plaintiff was provided with two opportunities to amend the complaint and it is apparent that further amendment could not correct the defects of his action. *See Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) (The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint").

### III. Conclusion and Recommendation

Plaintiff fails to state a claim upon which relief can be granted under section 1983. Plaintiff was provided with two opportunities to amend the complaint and it is apparent that further amendment could not correct the defects of his action.

For the above reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted under section 1983; and

2. The Clerk's Office be ordered to enter judgment and close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 29, 2011

UNITED STATES MAGISTRATE JUDGE